UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JACQUELYN C. NAWROCKI,

Plaintiff,

DECISION AND ORDER

14-CV-6412L

v.

NEW YORK STATE OFFICE OF CHILDREN and FAMILY SERVICES,
DR. SHEILA REED, Assistant Director, Individually
New York State Office of Children and Family Services,

Defendants.

Plaintiff Jacquelyn Nawrocki brings this action against the New York State Office of Children and Family Services ("CFS") and Dr. Sheila Reed, the Assistant Director of CFS, asserting a federal civil rights claim and three claims under state law, arising from certain events relating to the termination of her employment at CFS in 2013. Defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## BACKGROUND

The complaint alleges the following facts. On April 2, 2012, plaintiff was "provisionally appointed" to work at CFS, with the job title, "Licensed Master Social Worker 2." Complaint ¶ 8.

On February 20, 2013, she was "permanently appointed" to the same position, but subject to a one-year probationary period. *Id.* ¶ 9. Defendant Reed was plaintiff's immediate supervisor. *Id.* ¶ 11.

Plaintiff alleges that during her employment, Reed placed in plaintiff's personnel file "numerous ... false statements" concerning her job performance. The complaint lists eighteen such statements, although it is not clear if they were contained in separate documents, or whether some of them are simply excerpts from a single document. *Id.* ¶ 18. Plaintiff's employment was terminated on or about August 8, 2013. *Id.* ¶ 12.

Plaintiff commenced this action on July 22, 2014. The complaint asserts four causes of action. The first (and only federal) claim alleges that defendants deprived plaintiff of a protected liberty interest in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Presumably this claim is brought pursuant to 42 U.S.C. § 1983, although that statute is not cited anywhere in the complaint. The three state-law claims are for defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress.

## DISCUSSION

Plaintiff's due process claim alleges the deprivation of a liberty interest under a so-called "stigma plus" theory, *i.e.*, "a stigmatizing statement plus a deprivation of a tangible interest" without due process of law. *Algarin v. Town of Wallkill*, 421 F.3d 137, 138 (2d Cir. 2005).[1] To make out such a claim, a plaintiff must allege two elements: (1) "the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she

[1]Plaintiff concedes that as a probationary employee, she had no property interest in her employment, and she expressly states that her due process claim is not based on the alleged deprivation of a protected property interest. *See* Plaintiff's Mem. of Law (Dkt. #6) at 4.

claims is false," plus (2) "a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (internal citations and quotation marks omitted). *Accord Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005).

"The 'plus' requirement must be alleged 'in addition to the stigmatizing statement' because 'reputation alone, apart from some more tangible interests' is not 'sufficient to invoke the procedural protection of the Due Process Clause.'" *Balentine v. Tremblay*, 554 Fed.Appx. 58, 60 (2d Cir. 2014) (quoting *Sadallah*, 383 F.3d at 38, and *Paul v. Davis*, 424 U.S. 693, 701 (1976)). "Burdens that can satisfy the 'plus' prong under this doctrine include ... the termination of a plaintiff's government employment." *Sadallah*, 383 F.3d at 38.

The Second Circuit has held, however, that "the availability of adequate process defeats a stigma-plus claim." *Monserrate v. New York State Senate*, 599 F.3d 148 (2d Cir. 2010) (quoting *Segal v. City of New York*, 459 F.3d 207, 213 (2d Cir. 2006)). More specifically, the court has held that "in the context of an at-will government employee, a reasonably prompt, post-termination name-clearing hearing satisfies constitutional due process as long as the procedures afforded at such a hearing are sufficient to protect the employee's reputational and professional interests. The availability of such a hearing ... defeats [a plaintiff's] stigma-plus claims." *Segal*, 459 F.3d at 218. *Accord Anemone v. Metropolitan Transp. Auth.*, 629 F.3d 97, 121 (2d Cir. 2011). *See also Carter v. Incorporated Village of Ocean Beach*, 415 Fed.Appx. 290, 293 (2d Cir. 2011) ("Where, as here, plaintiffs are 'at will' government employees raising stigma-plus claims, our law makes clear that 'due process does not require a pre-termination hearing'") (quoting *Segal*, 459 F.3d at 217).

Plaintiff alleges, "[u]pon information and belief, [that] at no time prior to, contemporaneously, or subsequent to Plaintiff's termination ... was she offered due process, including but not limited to a hearing, and the opportunity to clear her name ... ." Complaint ¶ 15.

What plaintiff ignores, however, is that "New York provides for such a name-clearing hearing pursuant to CPLR Article 78, which allows a dismissed [public] employee an avenue for challenging h[er] termination as arbitrary and capricious and contrary to law." *Arredondo v. County of Nassau*, No. 11-CV-710, 2012 WL 910077, at *9 (E.D.N.Y. Mar. 16, 2012). *Accord Fiore v. Town of Whitestown*, No. 07-CV-797, 2010 WL 4513422, at *3 (N.D.N.Y. Nov. 2, 2010); *Edwards v. City of New York*, No. 03 CIV. 9407, 2005 WL 3466009, at *20 (S.D.N.Y. Dec. 19, 2005). *See, e.g., Cunningham v. New York State Dep't of Labor*, 21 N.Y.3d 515 (2013) (reviewing decision in Article 78 proceeding by terminated state employee). Plaintiff's status as a probationary, at-will employee does not alter the availability of Article 78 review. *See, e.g., Burch v. New York City Health and Hospitals Corp.*, 118 A.D.3d 454 (1st Dep't 2014) (addressing timeliness of Article 78 petition challenging termination of at-will public employee); *DeVito v. Department of Educ. of City of New York*, 112 A.D.3d 421 (1st Dep't 2013) (reviewing determination in Article 78 proceeding by terminated probationary employee).

The law in this circuit is equally clear that the availability of a post-termination Article 78 proceeding will defeat a stigma-plus claim, regardless of whether the plaintiff actually filed an Article 78 petition. *See, e.g., Anemone*, 629 F.3d at 121 ("An Article 78 proceeding provides the requisite post-deprivation process–even if Anemone failed to pursue it") (citing *Giglio v. Dunn*, 732 F.2d 1133, 1135 (2d Cir. 1984)); *Segal*, 459 F.3d at 218 n.10 ("where, as here, the plaintiff had available adequate process, she cannot be said to have been deprived of due process simply because she failed to avail herself of the opportunity") (internal quotes and alterations omitted). Since

plaintiff has alleged neither that she sought Article 78 review nor that she was prevented from doing so, her due process claim must be dismissed.[2]

Having found that plaintiff's sole federal claim must be dismissed, and particularly since this action was only recently filed, I decline to exercise supplemental jurisdiction over plaintiff's claims under state law. *See Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010) ("if a plaintiff's federal claims are dismissed before trial, the state claims should [ordinarily] be dismissed as well") (internal quote omitted); *accord Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306-07 (2d Cir. 2003); *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998).

## CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #4) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 8, 2014.

[2]The Court's decision in this regard renders it unnecessary for me to address defendants' argument that plaintiff has failed to allege that the allegedly stigmatizing statements were ever publicly disclosed or likely to be disclosed in the future. *See Walsh v. Suffolk County Police Dep't*, 341 Fed.Appx. 674, 675 (2d Cir. 2009); *Brandt v. Board of Coop. Educ. Servs.*, 845 F.2d 416, 418 (2d Cir. 1988).